# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GWENDOLYN HURST**,

        Plaintiff,

vs.

No. 14-CV-10942
Hon. Gerald E. Rosen
Magistrate Judge David R. Grand

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Gwendolyn Hurst commenced this lawsuit in Wayne County Circuit Court in February 2014, asserting claims against Defendants Federal National Mortgage Association ("Fannie Mae"), Federal Housing Finance Agency ("FHFA"), Jack Lew, in his official capacity as U.S. Secretary of Treasury, and Shaun Donovan, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development ("HUD"), arising from the foreclosure sale of nonparty Lue Lee Tomlin's home in Detroit, Michigan. Plaintiff was Tomlin's caretaker until Tomlin's death and currently resides at the property in question. After Tomlin's death, the property was foreclosed upon and sold at a sheriff's sale.

Following the expiration of the statutory redemption period, Plaintiff filed this action in Wayne County Circuit Court, alleging that structural defects in the foreclosure process improperly prevented her from purchasing the property. Defendant Fannie Mae removed to this Court on March 3, 2014, and has now, along with Defendant FHFA, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants broadly argue that (1) Plaintiff lacks standing to bring her claim because she does not have a legally protected interest in the property at issue; (2) Plaintiff's constitutional claims fail because U.S. Supreme Court precedent has established that Fannie Mae is not a government actor; and (3) Plaintiff's state law claims fail because the foreclosure sale was conducted in accordance with Michigan state law.

Having reviewed and considered the parties' briefs and supporting documents and the entire record of this matter, the Court has determined that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide the parties' motions "on the briefs." *See* L.R. 7.1(f)(2).  This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

In August 2003, decedent Lue Lee Tomlin obtained a reverse mortgage loan from nonparty Financial Freedom Senior Funding Corporation ("Financial Freedom"). Pl.'s Compl., Dkt. # 1, ¶ 13; Def's Mot. to Dismiss, Ex. E, Dkt. # 4-6. As security for the loan, Tomlin granted a mortgage to Financial Freedom on her home, located at 20041 Oxley Street, Detroit, Michigan (the "Property"). *See id.* At some point, Financial Freedom assigned that mortgage to nonparty One West Bank, FSB ("One West"). Pl.'s Compl. ¶ 13.

Prior to the foreclosure at issue here, Plaintiff Gwendolyn Hurst served as Tomlin's caretaker. *Id.* ¶¶ 12-13. Both Hurst and Tomlin resided at the Property. *Id.* ¶ 12. Though the complaint does not provide an exact date, Tomlin passed away at some point prior to November 2012, and stopped making payments on the mortgage.[1] *See id.* ¶¶ 12-13, 19. One West Bank subsequently foreclosed upon the Property in accordance with Michigan's foreclosure by advertisement statute, M.C.L. § 600.3201 *et seq.*, posting notice of the foreclosure four times between October 29, 2012, and November 19, 2012 and serving written notice to Tomlin on September 21, 2012. Def.'s Mot. to Dismiss, Ex. B, Dkt. # 4-3. A sheriff's sale was held on November 29, 2012, and One West purchased the property at the sale

---

[1] Plaintiff claims that she is the "beneficiary to the Property" because "Tomlin promised [Plaintiff] that, upon Tomlin's death, [Plaintiff] could acquire the property." Pl.'s Compl. ¶14.

3

for $15,500. *Id.* One West subsequently conveyed its interest in the Property to the Federal National Mortgage Association ("Fannie Mae") on December 11, 2012, for $1.00. *Id.* at Ex. C. Plaintiff alleges that she attempted to purchase the Property from "[b]oth prior to and subsequent to the foreclosure sale." Pl.'s Compl. ¶ 23-24. The statutory redemption period for the foreclosure passed on May 29, 2013, with no redemption made.

On September 23, 2013, Defendant Fannie Mae filed an eviction action against Plaintiff in the 36th Judicial District Court in Detroit, Michigan. *Id.* ¶ 25. On February 14, 2014, Plaintiff filed this action in Wayne County Circuit Court, challenging the validity of the foreclosure. The parties have stipulated to a stay of the eviction action pending the resolution of this case. Pl.'s Compl. ¶ 25. In her complaint, Plaintiff broadly alleges that she "sought to acquire the Property after Tomlin's death for the redemption price, but was denied the opportunity to acquire the Property as she was not Tomlin's blood relative." *Id.* ¶ 19. She alleges various defects in the foreclosure process, including a "failure to serve notice on Tomlin's estate," in violation of M.C.L. §§ 600.3204 and 600.3205a, and an invalid chain of title, in violation of M.C.L. § 600.3204(3). *Id.* ¶¶ 20-21. Plaintiff seeks (1) to set aside the foreclosure sale and quiet title (Count I), (2) an injunction preventing Fannie Mae "from using non-judicial foreclosure to acquire the property" (Count III), (3) $25,000 in damages for "disparaging Plaintiff's beneficial property rights,"

4

(Count II), and (4) damages for violating Plaintiff's constitutional rights under the Due Process, Equal Protection, and Privileges and Immunities Clauses of the U.S. Constitution (Count IV). *Id.* ¶¶ 47-84. Defendant Fannie Mae removed the action to this Court on March 3, 2014, has now filed the instant motion to dismiss plaintiff's claims. Dkt. ## 1, 4.

## III. DISCUSSION

### A.   Rule 12(b)(6) Standard

In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiffs and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "construe the

complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

If the well-pled facts in Plaintiffs' Complaint -- accepted as true -- are insufficient for Plaintiffs to recover on a claim, that claim must be dismissed. *Iqbal*, 556 U.S. at 680 ("Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed.").

**B.     Plaintiff Lacks Standing to Challenge the Foreclosure**

As an initial matter, the Court must determine whether Plaintiff has standing to challenge the foreclosure at issue here. "When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action." *Morell v. Star Taxi*, 343 F. App'x 54, 57 (6th Cir. 2009).[2] Under Article III, a plaintiff has standing when "it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent," that injury is "fairly traceable to the challenged action of the

---

[2] Likewise, Plaintiff must possess Article III standing to litigate her constitutional claims, which are removed here pursuant to federal question jurisdiction, 28 U.S.C. § 1331. *See* Removal, Dkt. # 1, ¶ 4.

6

defendant," and "it is likely . . . that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

Plaintiff fails to meet the requirements of Article III standing here. She claims no actual interest in the Property that would result in an injury to her upon foreclosure of the Property. While she claims that Tomlin "promised her" that she would be able to purchase the property upon his death, she does not allege that she has any legally binding instrument that would establish that right, such as a will. Instead, the complaint makes clear that Plaintiff was merely a tenant who occupied the Property, not an owner. As numerous cases have established, tenants like Plaintiff, who have no purchase interest in the property at issue, lack standing to challenge the validity of a foreclosure of that property. *See Dang v. Oakland Police Dep't*, No. C 13-4155 PJH, 2014 WL 793613, at *6 (N.D. Cal. Feb. 26, 2014) ("[Plaintiff] was not a party to the note and Deed of Trust, and thus has no standing to challenge the nonjudicial foreclosure. The general rule is that only parties with an interest in a loan secured by real property or in the underlying property may attempt to set aside a nonjudicial foreclosure."); *U.S. Bank Nat. Ass'n v. Reed*, No. 1:12-CV-1542-CL, 2013 WL 3348358, at *2 (D. Or. July 1, 2013) ("In contrast to owners, . . . mere occupants or tenants of a property lack standing to challenge a foreclosure."); *Bey v. PEF Capital Properties, LLC*, No.

3:12-CV-2371-L BH, 2013 WL 1743890, at *3 (N.D. Tex. Apr. 23, 2013) ("[Plaintiff's] only alleged right in the property would be that of a mere tenant [, and thus] he lacks standing as a mere tenant and nonowner to assert any claim to contest the foreclosure, sale, or assignment of the property."); *Young v. Fannie Mae*, No. 1:12CV2902, 2013 WL 1284232, at *2 (N.D. Ohio Mar. 27, 2013) ("At the outset, the Court finds that Mr. Little does not have standing with respect to any of the claims asserted in the Complaint, as it is undisputed his interest in the real property at issue was as a tenant only."); *Mitchell v. Mortgage Elec. Registration Sys., Inc.*, No. 1:11-CV-425, 2012 WL 1094671, at *2 (W.D. Mich. Mar. 30, 2012) ("A non-borrower may not challenge a foreclosure or assignment.").

Plaintiff provides no response to this clearly established law in her brief.[3] Instead, she urges the court to "order the parties to mediate" because, she argues, there is an equitable basis for her requested relief. CITE. Plaintiff misunderstands the concept of equity, which "cannot create a remedy . . . without the authority of law." *Michigan Corr. Org. v. Michigan Dep't of Corr.*, ___ F.3d ___, No. 14-1028, 2014 WL 7156515, at *8 (6th Cir. Dec. 17, 2014); *see also In re Bowman*, 24 F. Supp. 381, 384 (S.D. Cal. 1938) ("Equity does not create new rights, but affords a remedy for existing rights." While Plaintiff might properly seek an

---

[3] Indeed, her argument does not contain a citation to a single case, in this Circuit or any other.

equitable remedy if she were able to demonstrate that she possessed some right that was violated by Defendants, equity does not provide the Court with a catchall basis to simply do as it pleases, regardless of the law.[4]

---

[4] Because Plaintiff lacks standing to bring this suit, the Court need not reach the other issues raised in Defendants' motion. However, the Court notes that even if Plaintiff did have standing to challenge the foreclosure, her claim suffers from a litany of other problems. First, the statutory redemption period for the Property has passed without any attempt by Plaintiff to redeem. Michigan state law is clear that in such cases, plaintiffs face a "stringent" burden, and must allege "fraud or irregularity" that is "relate[d] to the foreclosure procedure itself." *El-Seblani v. IndyMac Mortgage Servs.*, 510 F. App'x 425, 429 (6th Cir. 2013). Plaintiff makes no demonstration that the alleged procedural problems she outlines rise to the level of fraud or irregularity. Second, with regard to Plaintiff's constitutional claims, "[f]ederal courts in the Eastern District of Michigan -- as well as those across the country -- have comprehensively . . . found that neither Fannie Mae nor Freddie Mac are governmental actors post-conservatorship pursuant to the Supreme Court's decision in *Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374, (1995)." *Narra v. Fannie Mae*, No. 2:13-CV-12282, 2014 WL 505571, at *4 (E.D. Mich. Feb. 7, 2014). "It is axiomatic that without state action, constitutional claims challenging foreclosure proceedings -- here, claims under the Due Process and Equal Protection Clauses -- fail as a matter of law." *Id.* at *3.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Dkt. # 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**


Dated: January 22, 2015          s/Gerald E. Rosen
                                 Chief, Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2015, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, (313) 234-5135