UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GWENDOLYN HURST**,

                Plaintiff,

vs.
                                                  No. 14-CV-10942
                                         Hon. Gerald E. Rosen
                                 Magistrate Judge David R. Grand

**FEDERAL NATIONAL MORTGAGE ASSOCIATION**, et al.,

                Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION ALTER, AMEND, AND/OR FOR OTHER RELIEF**

On January 22, 2015, this Court issued an Opinion and Order (Dkt. # 10) granting Defendants' Motion to Dismiss (Dkt. # 4). Judgment was entered in Defendants' favor on the same day (Dkt. # 11). Pending before the Court is Plaintiff's Motion to Alter, Amend, and/or for Other Relief (Dkt. # 13), pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). For the reasons stated below, the Court will deny the Motion.

**I.  Applicable Standard Under Rules 59 and 60**

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The

1

decision of whether to grant relief under Rule 59(e) is within the district court's discretion. *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). Relief is typically only granted, however, for one or more of three reasons:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v. Ford Motor Company*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd*, 194 F.3d 1339 (Fed. Cir. 1999). Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle*, 175 F.R.D. at 254) (internal quotation marks and emphasis omitted).

The requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons

> entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Federal Rule 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . [or] any other reason that justifies relief." In order to succeed on a Rule 60(b) motion based on new evidence, the "movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998).

## II. Discussion

This mortgage foreclosure case was removed to this Court from the Wayne County Circuit Court on March 3, 2014. The facts and allegations are set forth in detail in the Court's January 22, 2015 Opinion and Order granting Defendants' Motion to Dismiss (Dkt. # 10). Accordingly, they will not be repeated here.

3

In her motion for reconsideration, Plaintiff presents two arguments. First, she asserts that she has standing to challenge the foreclosure because "both [Lue Lee] Tomlin [the owner of the home at issue] and Casey (Tomlin's legal beneficiary) orally assigned their rights to the property and the mortgage to Plaintiff," an assertion that Plaintiff now supports, for the first time, with a sworn affidavit. Pl.'s Mot. to Alter, Dkt. # 13, at 3. Second, she argues that "while this case . . . was pending before this Court, Defendant [Federal Housing Finance Agency ("FHFA")] enacted a significant policy change wherein FHFA permitted Fannie Mae and its brother Freddie Mac to sell existing REO properties to any qualified purchaser at the property's fair market value," which Plaintiff believes "is sufficient to grant [her] the relief that she seeks in this . . . Motion -- the ability to redeem, repurchase and/or reacquire the Property for the fair market value." *Id.* at 2. The Court addresses each argument in turn.

Regarding Plaintiff's first argument, in her Complaint in this matter, she alleged that

> During [Lue Lee] Tomlin's lifetime, Tomlin promised [Plaintiff] that, upon Tomlin's death, Tomlin could acquire the Property. Accordingly, [Plaintiff] is the "beneficiary" to the Property.[1]

---

[1] Presumably, the Complaint contains a typo and was intended to read that "*Plaintiff* could acquire" Tomlin's property upon Tomlin's death. Even assuming this, the language is not clear, as explained below.

4

Pl.'s Compl. ¶ 14 (emphasis added).  Plaintiff, in her complaint and briefing to this point, provided no explanation of how the language "could acquire" could serve as an assignment of rights to Plaintiff, nor did she assert that Tomlin had ever assigned any rights to Plaintiff in more specific terms.  The complaint was accompanied by no documentation of any rights that Plaintiff possessed to the property or that Tomlin had made any promise to Plaintiff.  Now, in her Motion to Alter, Amend, and/or for Other Relief, Plaintiff, for the first time, asserts that "Although, to the best of my knowledge, Lue Lee Tomlin did not sign a written document assigning me or bequeathing to me her rights with regard to her reverse mortgage and/or the Property . . . prior to her death Lue Lee Tomlin orally assigned those rights to me." Pl.'s Affidavit, Dkt. # 13, Ex. B, ¶ 2.  She provides no specific information regarding the alleged conveyance, such as the date or location at which it was made.  Plaintiff also now asserts that "[f]ollowing Lue Lee Tomlin's death, Lue Lee Tomlin's beneficiary, Casey Tomlin (Lue Lee Tomlin's daughter) also orally assigned all of her rights to the Property and the reverse mortgage to me." *Id.* ¶ 3.  As with the prior statement, Plaintiff provides no information as to when or where Casey Tomlin's alleged statement was made, and Casey Tomlin is not mentioned anywhere in Plaintiff's Complaint, nor is she mentioned in any of Plaintiff's briefing or exhibits regarding Defendants' motion to dismiss. *See* Dkt. ## 1-2, 8.

As explained above, Rule 59 motions "should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence." *Kenneth Henes*, 86 F. Supp. 2d at 726 (quotiong *Nagle.*, 175 F.R.D. at 254). Here, Plaintiff provides no indication that any of the information provided in her affidavit was unavailable at the time of her complaint or Defendants' motion to dismiss. Prior to this Motion, Plaintiff had merely indicated that Tomlin had told Plaintiff that "upon Tomlin's death, Tomlin could acquire the Property." Even presuming that Plaintiff meant that Tomlin promised *Plaintiff* that she could acquire the property (see footnote 1 above), it is entirely unclear what "could acquire" means; it could serve as an indicate that Tomlin incorrectly *thought* Plaintiff would have a chance to acquire the property. Certainly, it does not provide an indication that the Property was conveyed to Plaintiff, and accordingly, the Court found that Plaintiff has no standing to challenge the foreclosure. Plaintiff's new affidavit attempts to buttress her earlier claims, but it consists entirely of evidence that was available to Plaintiff during the entire course of this litigation. Plaintiff could have included this very affidavit as an exhibit in her response to Defendants' motion to dismiss. Rules 59 and 60 are not vehicles allowing Plaintiff to present new evidence that was available to her at the time of Defendants' Motion to Dismiss. *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it

6

'may not be used to . . . present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) ("Rule 60(b) . . . does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling.").[2]

---

[2] Independent of these problems, Plaintiff's affidavit itself is internally inconsistent. In Paragraph 2, Plaintiff asserts that Lue Lee Tomlin orally assigned all of her rights to the Property to Plaintiff prior to her death. Pl.'s Affidavit, Dkt. # 13, Ex. B, ¶ 2. In the very next paragraph, Plaintiff asserts that Casey Tomlin assigned all of her rights to Plaintiff as well. *Id.* ¶ 3. But if Lue Lee Tomlin had already granted Plaintiff all rights to the Property prior to her death, Casey Tomlin would have no rights to assign. One might suppose that Casey Tomlin had some interest in the Property *in addition* to Lue Lee Tomlin's interest, but Casey Tomlin is not mentioned anywhere in the reverse mortgage agreement, which was signed only by Lue Lee Tomlin, and indeed, Casey Tomlin has never been mentioned once in this litigation prior to the instant Motion. The logic of Plaintiff's affidavit is perplexing, to say the least. In addition, there are at least two other problems with Plaintiff's theory. First, the statute of frauds would bar any oral assignment between Lue Lee Tomlin and Plaintiff. *See* M.C.L. § 566.106 ("No estate or interest in lands . . . shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing . . . ."); *see also Brown v. Bank of New York Mellon*, No. 1:10-CV-550, 2011 WL 6016901, at *2 (W.D. Mich. Dec. 2, 2011) ("The statute of frauds bars enforcement of agreements which would affect an interest in real property or relate to a mortgage loan given by a financial institution, unless those agreements are in writing."). Second, the reverse mortgage agreement explicitly forbids any assignment of the borrower's rights. *See* Reverse Mortgage Agreement, Dkt. # 19-1, ¶ 15 ("Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary.").

7

Plaintiff also makes a second argument, based on what she characterizes as a change of law since the Court's Order dismissing the case. She notes that "on November 25, 2014, the [Federal Housing Finance Agency], who runs Fannie Mae and Freddie Mac, changed the world of foreclosures by announcing [a] New Policy whereby Fannie can 'sell existing [real estate owned] properties to any qualified purchaser at the property's fair market value." Pl.'s Mot. to Alter, at 5. She supports this assertion with a November 25, 2014 News Release from FHFA stating that the policy change will "permit" Fannie Mae and Freddie Mac to sell properties at fair market value, whereas in the past, FHFA policy "required homeowners who have been through foreclosure and want to buy their home back to pay the entire amount owed on the mortgage." November 25 FHFA News Release, Dkt. # 13, Ex. A.

Much like Plaintiff's first argument, however, her second argument suffers from the fact that it was previously available. The News Release that Plaintiff relies on was issued on November 25, 2014, nearly two months before this Court's January 22, 2015, Order granting Defendants' Motion to Dismiss. *See* Dkt. # 10. While briefing on that Motion was completed earlier in 2014, Plaintiff could have notified the Court at any point regarding the change in policy. Accordingly, the News Release cannot be considered an "intervening change in the controlling law," *Nagle*, 175 F.R.D. at 254, or "newly discovered evidence" that was previously

8

unavailable, Fed. R. Civ. R. 60(b). Plaintiff could have raised this same exact argument prior to the Court's ruling on Defendants' Motion to Dismiss by filing a notice of supplemental authority with the Court, but she failed to do so.

But even disregarding that problem, the News Release does not constitute any change in "controlling law" under Rule 59. The release merely describes a policy change that "permit[s]" Fannie Mae and Freddie Mac to sell certain properties at fair-market value to qualified purchasers; it does not oblige them to do so. Instructing the FHFA regarding the cases in which it should implement its new policy is not within the purview of this Court. *See* November 25 FHFA News Release (noting that the new Policy will be implemented on a "case-by-case basis" to be decided by Fannie Mae and Freddie Mac).[3]

---

[3] Further, it appears that Plaintiff does not even fall within the class of individuals affected by the new Policy, which applies to "former homeowners who are able to repurchase their home -- or a third-party able to purchase on their behalf." November 25 FHFA News Release. Plaintiff was a tenant of the home, not the former homeowner, and she does not allege that she seeks to repurchase the home on the former homeowner's behalf.

9

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Alter, Amend, and/or for Other Relief (Dkt. # 13) is DENIED.

**IT IS SO ORDERED.**


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 17, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135